Fred M. Zemel, Esq.
The Zemel Law Firm P.C.
70 Clinton Avenue
Newark, NJ 07114
973-622-5297
Attorney for Plaintiff

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2012 AUG 1 AM 9 54

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| Susan Endl, individually and as Administrator Ad Proseqendum of The Estate of Eli Endl; Anthony Endl, individually; and Eli Endl, <br><br>            Plaintiffs, <br><br> v. <br><br> State of New Jersey; <br> New Jersey Department Of Corrections; <br> Northern State Prison; <br> University of Medicine and Dentistry of New Jersey; <br> Gary M. Lanigan, in his official capacity as Commissioner of New Jersey Department of Corrections; <br> George Hayman, in his official capacity as former Commissioner of the New Jersey Department of Corrections; <br> Paul Lagana, in his official capacity as Administrator Northern State Prison; <br> John Godinsky, M.D.; <br> Sharmalie Perera, M.D.; <br> Veronica Nendze, R.N.; <br> Maria Delgado, R.N.; <br> Theresa Jocen Boblick, L.P.N.; <br> John Does 1 thru 10; <br> John Does 11 thru 20, <br> Individually, jointly, and/or severally, <br>            Defendants. | Hon. William J. Martini, U.S.D.J. <br> Civil Action No.: 12-3564 (WJM-MF) <br><br><br><br> **FIRST AMENDED COMPLAINT** |

Plaintiffs Susan Endl, individually, and as Administrator Ad Prosequendum of the Estate of Eli Endl, Antony Endl, individually and Eli Endl, residing at 117 W. Alexander Street, Apt. 208, Plant City, FL., by way of **First Amended** Complaint against all named Defendants states as follows:

## THE PARTIES and FACTS

1. At all times relevant to the within proceedings, Eli Endl, now deceased, was a prisoner at Northern State Prison, in the City of Newark, County of Essex and State of New Jersey.

2. Plaintiff Susan Endl is the natural mother and Plaintiff Anthony Endl is the natural father of Eli Endl, now deceased.

3. Plaintiff, Susan Endl, is duly designated Administrator Ad Proseqendum for the benefit of the Estate of Eli Endl.

4. Defendant State of New Jersey (collectively with the other Defendants as "Defendants") is at all times relevant herein, a policymaker and governmental body with numerous departments for which it is responsible including Northern State Prison.

5. Defendant New Jersey Department of Corrections (collectively with the other Defendants as "Defendants") is a sub division within the State of New Jersey and charged with the responsibility of detention, and care of prisoners.

6. Defendant New Jersey Department of Corrections operates a prison commonly known as Northern State Prison located in Newark, New Jersey.

7. Defendant University of Medicine and Dentistry of New Jersey, hereinafter "UMDNJ", (collectively with the other Defendants as "Defendants") a New Jersey University of heath and sciences who was contracted by the State of New Jersey for purposes of

providing medical care and attention, and health and hospital services to inmates housed at Northern State Prison.

8. Defendant Gary M. Lanigan, (collectively with the other Defendants as "Defendants") is named as a Defendant to these proceedings in his official capacity as Commissioner of New Jersey Department of Corrections.

9. Defendant George Hayman, (collectively with the other Defendants as "Defendants") is named as a Defendant to these proceedings in his official capacity as former Commissioner of the New Jersey Department of Corrections.

10. Defendant Paul Lagana, , (collectively with the other Defendants as "Defendants")is named as a Defendant to these proceedings in his official capacity as Administrator North State Prison.

11. Defendant John Does 1 thru 10 (collectively with the other Defendants as "Defendants") are as yet unknown individuals who are identified as employees of the Department of Corrections and charged with the responsibility for the housing, care and detention of inmates at Northern State Prison and those similarly situate as Eli Endl.

12. Defendants John Does 1 thru 10 would have been responsible for monitoring the condition of Eli Endl.

13. Defendants John Does 1 thru 10 would have been responsible for communicating with Eli Endl in such a manner that of Eli Endl complained about a medical problem, they would have been responsible for making sure that Eli Endl received the appropriate medical care and attention including but not limited to making certain that Eli Endl was attended to by an appropriate medical care provider.

14. Defendants John Does 1 the 10 are not medical providers but are identified as intermediaries (security-administrative personnel) wherein an inmate complaining of a medical condition or inmates who are exhibiting a medical condition and/or medical emergency would be identified and directed to an appropriate medical provider.

15. Defendants John Godinsky, M.D., Sharmalie Perera, M.D., Veronica Nendze, R.N., Maria Delgado, R.N., Theresa Jocen Boblick, L.P.N., (collectively with the other Defendants as "Defendants") are medical professionals situate at Northern State Prison and were charged with the responsibility of providing medical care and attention to inmates at Northern State Prison, including by not limited to individuals such as Eli Endl.

16. The exact employment status John Godinsky, M.D., Sharmalie Perera, M.D., Veronica Nendze, R.N., Maria Delgado, R.N., Theresa Jocen Boblick, L.P.N. are unknown. Plaintiff asserts that John Godinsky, M.D., Sharmalie Perera, M.D., Veronica Nendze, R.N., Maria Delgado, R.N., Theresa Jocen Boblick, L.P.N. were authorized agents and/or representatives and/or employees of the Defendant UNDNJ and/or New Jersey Department of Corrections and/or Northern State Prison and charged with providing medical care and attention to inmates. They are identified based on medical records obtained.

17. Defendants John Does 11 thru 20 (collectively with the other Defendants as "Defendants") are as yet unknown and unnamed individuals but identified as medical care providers, and/or nursing care providers and/or health care providers responsible for the care of inmates at Northern State Prison.

18. John Does 11 thru 20 as identified herein are also identified as employees, agents, and/or representatives of Defendant UMDNJ and/or New Jersey Department of Corrections.

19. On or about March 22, 2010 thru March 25, 2010, Eli Endl became ill while an inmate at Northern State Prison.

20. On or about March 22, 2010 thru March 25, 2010 Eli Endl required medical care and attention and specifically:

    a.    On March 22, 2010:

        i. Endl complaint of bil flank pain/ bil flank tenderness

        ii. as pt was examined he said he now has chest pain.

        iii. ekg done sinus brady, incomplete rbbb.

    b.    On March 24, 2012:

        i.    office visit: sick call for blood in sputum

        ii.    complains of cough, excessive sputum, hemoptysis, wheezing since yesterday.

        iii.    Blood in sputum

        iv.    Bronchitis-c/o cough with excessive sputum and blood. Nurses notes Blood in cup given by pt with sputum.

    c.    On March 24, 2010:

        i.    pt was found unresponsive in his cell by the CO at 2056 hours.

21. Eli Endl was denied/deprived of proper and necessary medical care and attention violative of the standard of care.

22. The care and attention provided to Eli Endl was done carelessly, recklessly and negligently.

23. As a direct and proximate result of the refusal to provide the required medical care and attention Eli Endl was caused to sustain substantial pain and suffering.

24. As a direct and proximate result of the refusal to provide the required medical care and attention Eli Endl died on March 25, 2010.

25. Plaintiffs have been damaged.

Wherefore Plaintiffs pray and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

## FIRST COUNT
### Violation of 42 U.S.C. Sec. 1983
### Deliberate Indifference to Serious Medical Needs

26. Plaintiff's repeat, re-assert and re-allege of the allegations of the prior Count incorporating them herein at length and further states as follows.

27. Each and every one of the named Defendants listed above was under a constitutional duty to provide reasonably adequate medical attention to Eli Endl, an imate in their charge.

28. The actions and inactions of these Defendants demonstrated their deliberate indifference to the serious medical needs of Eli Endl.

29. The actions and inactions of these Defendants deprived Eli Endl of the due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

30. As a direct and proximate result of the Defendants' actions and inactions, the Plaintiff's have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants , individually, jointly and/or severally, for compensatory damages and

punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

## SECOND COUNT
### Violation of 42 U.S.C. Sec. 1983
### Cruel and Unusual Punishment

31. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

32. The actions and inactions of these Defendants constituted cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.

33. As a direct and proximate result of the Defendants' actions and inactions, the Plaintiffs have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

## THIRD COUNT
### Violation of 42 U.S.C. Sec. 1983
### Deprivation of Life, Liberty, and the Pursuit of Happiness

34. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

35. The actions and inactions of these Defendants deprived Eli Endl of his right to life, liberty and the pursuit of happiness guaranteed to him by the Fifth and Fourteenth Amendment s to the United States Constitution.

36. As a direct and proximate result of the Defendants actions and inaction, the Plaintiff were damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants , individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

FOURTH COUNT
Violation of 42 U.S.C. Sec. 1983- Monell Claim

37. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

38. Defendants by and thru the New Jersey Department of Corrections maintained policies, practices and customs with regard to the operation of Northern State Prison, including but not limited to the following:

(a) Defendants failed to adopt and maintain proper rules and regulations for its officers and agents concerning their responsibilities to provide reasonable and adequate care to inmates.

(b) Defendants failed to properly train its officers and agents concerning their responsibilities to provide reasonable and adequate care to inmates.

(c) Defendants failed to adopt and maintain proper rules and regulations for its officers and agents concerning their responsibilities to provide reasonable and adequate care to inmates suffering from various conditions similar to Eli Endl.

(d)     Defendants failed to train properly its officers and agents concerning their responsibilities to provide reasonable and adequate care to inmates similarly situates as Eli Endl.

(e)     Defendants permitted and ratified a pattern and practice of its officers and agents concerning their responsibilities to provide reasonable and adequate care to inmates.

39. These policies, practices and customs with regard to the operation of Northern State Prison were a proximate cause of the death of Eli Endl.

40. As a direct and proximate result of the Defendants action and inactions the Plaintiff's have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

### FIFTH COUNT
### State Law Claim- New Jersey Constitutional Torti Deprivation of Life, Liberty and Pursuit of Happiness

41. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

42. The actions and inactions of these Defendants deprived Eli Endl of his right to life, liberty, and the pursuit of happiness guaranteed to him by the New Jersey Constitution, Art.1, Section 1.

43. As a direct and proximate result of the Defendants actions and inactions, the Plaintiff's have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

### SIXTH COUNT
### State Law Claim- New Jersey Constitution Torti Right to be Free from Cruel and Unusual Punishment

44. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

45. The actions and inactions of these Defendants deprived Eli Endl of his right to be free from cruel and unusual punishment guaranteed by the New Jersey Constitution, Act. 1, Section 12.

46. As a direct and proximate result of the Defendants actions and inactions, the Plaintiff's have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

### SEVENTH COUNT
### State Law Claim- Negligence and/or Medical Malpractice Against All Defendants

47. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

48. The actions and inactions of all named Defendants were negligent and in violation of the acceptable and reasonable standards of care.

49. In addition to its own actions and inactions Defendant State of New Jersey is liable for the actions and/or inactions of all its employees, nurses and doctors.

50. In addition to its own actions and inactions the Defendant New Jersey Department of Corrections is liable for the actions and/or inactions of all its employees, nurses and doctors.

51. In addition to its own actions and inactions the Defendant Northern State Prison is liable for the actions and/or inaction of its employees, nurses and doctors.

52. In addition to its own actions and inactions, the Defendant and UMDNJ is liable for the actions and/or inaction of its employees, nurses and doctors.

53. As a direct and proximate result of the Defendants actions and inactions, the Plaintiffs have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

## EIGHTH COUNT
### State Law Claim- Outrage

54. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

55. The actions and inactions of all Defendants constitute extreme and outrageous conduct which they knew, or should have known, would cause Eli Endl to suffer severe emotional distress, pain and suffering and death.

56. As a direct and proximate result of the Defendants actions and inactions, the Plaintiffs have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

## NINTH COUNT
### State Law Claim- Wrongful Death – N.J.S.A. 2A:31-1 et seq.

57. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

58. The actions and inactions of all Defendants caused the death of Eli Endl.

59. As a direct and proximate result of the Defendants actions and inactions, the Plaintiffs have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and

punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

## TENTH COUNT
### Survivorship Statute- N.J.S.A. 2A:15-3 et seq.

60. Plaintiff's repeat, re-assert and re-allege all of the allegations of the prior Counts incorporating them herein at length and further states as follows.

61. The actions and inactions of all Defendants caused the death of Eli Endl.

62. Prior to the death of Eli Endl he was caused to suffer great pain and suffering, and great pain and suffering during his conscious period between the time he complained until his death.

63. As a direct and proximate result of the Defendants actions and inactions, the Plaintiffs have been damaged.

Wherefore Plaintiff prays and demands that this Court enter a Judgment against all named Defendants, individually, jointly and/or severally, for compensatory damages and punitive damages together with interest, costs of suit, attorney fees and such further and other relief as this Court may deem to be just and equitable.

## JURY DEMAND

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

_____
FRED M. ZEMEL, ESQ.
ATTORNEY FOR PLAINTIFFS

## DESIGNATION OF TRIAL COUNSEL

Plaintiff's hereby designate Fred M. Zemel, Esq. as Trial Counsel pursuant to <u>Rule</u> 4:25-4.

---
FRED M. ZEMEL, ESQ.
ATTORNEY FOR PLAINTIFFS

### CERTIFICATION PURSUANT TO R.4:5-1

The undersigned certifies that the matter in controversy is not the subject matter of any other action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

---
FRED M. ZEMEL, ESQ.
ATTORNEY FOR PLAINTIFFS

### CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with <u>R</u>.1:38-7(a).

---
FRED M. ZEMEL, ESQ.
ATTORNEY FOR PLAINTIFFS

### DEMAND FOR DISCOVERY

In accordance with R. 4:17-1 (b), demand is hereby made that the Defendant, provide timely answers to Uniform Interrogatories Form C and that all other Defendants and third party Defendants provide timely Answers to Interrogatories as well.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

March 21,, 2012

FRED M. ZEMEL, ESQ.
ATTORNEY FOR PLAINTIFFS