**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN ENDL, as Administrator *Ad Prosequendum* of The Estate of Eli Endl,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY *et al.*,<br><br>Defendants. | Civ. No. 2:12-3564 (KM)(MAH)<br><br>OPINION and ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

     This action arises out of the death of Eli Endl, which occurred in March 2010, when he was an inmate of Northern State Prison. Plaintiff, as Administrator, asserts claims against various state employees, and, as relevant here, the University of Medicine & Dentistry of New Jersey ("UMDNJ") and affiliated medical personnel. By Opinion ("Op.") and Order filed March 29, 2016 (ECF nos. 87, 88), I granted the motions of certain medical providers for summary judgment, based on the plaintiff's failure to supply an Affidavit of Merit ("AOM") by a qualified applicant, as required by N.J. Stat. Ann. §§ 2A:53A-26 *et seq.* Because I write for the parties, familiarity with my prior Order and Opinion is assumed.

     Now before the Court is the plaintiff's motion for reconsideration (ECF no. 90), citing Local Rule 7.1(i) and Fed. R. Civ. P. 60(b)(6). "The basis of this motion is that Plaintiff believes the Court addressed but did not resolve the applicability of the Common Knowledge Doctrine as an exception to the Affidavit of Merit requirements." (Pl. Br. at 1) For the reasons expressed herein, the motion will be denied.

1

## DISCUSSION

### A. Standard and Timing

Local Rule 7.1(i) governs motions for reconsideration. Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, and only in three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Such a motion must be brought within 14 days after entry of the order as to which reconsideration is sought. Local Rule 7.1(i). This motion was filed on April 22, 2016, 23 days after the entry of my prior Order.

A late motion for reconsideration may be considered as a motion under Fed. R. Civ. P. 60(b). *See Flores v. Predco Servs. Corp.*, 911 F. Supp. 2d 285, 288 (D.N.J. 2012). Plaintiff cites Rule 60(b)(1) and (6), the provisions for relief from a final judgment, or proceeding based on "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Such a motion must be brought within one year (60(b)(1)) or within a "reasonable time" (60(b)(6)). But "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 568–69 (3d Cir. 2012).

### B. "Common Knowledge"

Plaintiff states that the common knowledge exception to the AOM requirement was overlooked in my prior opinion: *i.e.*, "the Court addressed but

2

did not resolve the applicability of the Common Knowledge Doctrine." Not really. The only remotely relevant passages in my prior opinion simply refer to the fact that *plaintiff* had raised the "common knowledge" doctrine in response to an earlier motion to dismiss.[1] (Op. at 4, 21) The first reference was in the procedural history. The second likewise noted that the issue had been raised in the prior motion to dismiss, while noting that plaintiff's current argument was different—*i.e.*, that Dr. Hua's report was offered as the equivalent of an AOM. Plaintiff did not raise the common knowledge doctrine on the summary judgment motion, and even now plaintiff offers no reason for failing to do so. For this reason alone, I would deny the motion under Local Rule 7.1(i) and Fed. R. Civ. P. 60(b).

In any event, if I reached the merits, I would find them lacking. The "common knowledge" doctrine is a narrow exception to the AOM requirement. "The doctrine applies where 'jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of specialized knowledge of experts.'" *Hubbard ex rel. Hubbard v. Reed*, 774 A.2d 495, 499 (N.J. 2001). (quoting *Estate of Chin v. Saint Barnabas Med. Ctr.*, 160 N.J. 454, 469 (1999)). It applies only in cases where the jury would not need the assistance of medical expertise to determine the standard of care or a deviation therefrom. *Id.* "The basic postulate for application of the doctrine therefore is that the issue of negligence is not related to technical matter peculiarly within the knowledge of medical or dental practitioners." *Sanzari v. Rosenfeld*, 167 A.2d 625, 632 (N.J. 1961).

Such cases, however, are exceptional; by its nature, the doctrine is one of obvious application. Chief Judge Simandle surveyed some of the case law thus:

> In *Hubbard*, a dentist removed the wrong tooth. *Id.* at 498. In *Palanque v. Lambert–Woolley*, decided the same day as *Hubbard*,

---

[1] The thrust of the motion to dismiss was that the deadline to file an AOM had already run. I held that the filing of the second amended complaint restarted the clock, so that the deadline would run from defendants' answer, which had not yet been filed. (ECF no. 66 at 17–20) Plaintiff did not take advantage.

3

defendant, a physician, twice misread test results, which led to a misdiagnosed ectopic pregnancy and ultimately unnecessary surgery. 168 N.J. 398, 401–2 (2001). In *Estate of Chin*, defendants, a physician and several nurses, had misconnected tubes to a hysteroscope. 160 N.J. at 460. As a result, gas flowed into decedent's uterus instead of fluid, which caused an embolism. *Id.* at 461. The Supreme Court of New Jersey held that a jury was entitled to rely on its common knowledge in determining whether defendants had breached their duty of care. *Id.* at 470. In *Bender v. Walgreen Eastern Co., Inc.*, defendant pharmacist filled a prescription with the incorrect drug. 399 N.J. Super. 584, 588 (App. Div. 2008).

A few examples of cases which did not warrant a common knowledge exception make the obviously negligent quality of the above cases even more apparent. In *Lazerson v. Balthaser*, Plaintiff underwent a thallium stress test, which required her to walk on a treadmill. No. 5175–06, June 10, 2009, N.J. Super. Ct. App. Div., 2009 WL 1617853, at *1. The treadmill's speed and incline apparently increased quickly and unexpectedly, which led to plaintiff being thrown from the treadmill. *Id.* The Court found that a jury could not rely on its common knowledge to evaluate the claim because it involved a medical procedure that used "sophisticated medical equipment, which was performed by a licensed professional." *Id.* at *3. Jurors lacked knowledge of the appropriate settings for the test (i.e., the proper speed, the proper incline, how quickly and by how much the speed and incline should be adjusted). *Id.*

In *Isshak v. Eichler*, plaintiff, at defendant's urging, underwent emergency eye surgery to reattach a detached retina in his right eye, which resulted in double vision and an eye infection in plaintiff's right eye. No. 2734–08, Mar. 22, 2010 N.J. Super. Ct. App. Div., 2010 WL 1030058, at *1. The Court ruled that expert testimony would be necessary because "[i]t is only through expert testimony that a jury may be apprised of any risks inherent in retinal surgery." *Id.* at *2.

Finally, in *D'Amico v. Jersey Shore University Medical Center*, a physician left a pebble inside plaintiff's knee during surgery. No. 5324–07, Aug. 10, 2009, N.J. Super. Ct. App. Div., 2009 WL 2426339, at *1. This too did not fall under the common knowledge exception because "some objects may safely be left in tissue, and it may be more harmful to remove an object than to leave it in." *Id.* at *2.

*McBride v. Cty. of Atl., N.J.*, No. CIV. 10-2773 JBS AMD, 2011 WL 3236212, at *4–5 (D.N.J. July 28, 2011). *See also Kelly v. Berlin,* 692 A.2d 552, 557 (N.J. Super. Ct. App. Div. 1997) (common knowledge doctrine did not excuse AOM where claim was that orthopedist should have sent certain x-rays to the radiologist for analysis); *Fontanez v. United States,* 24 F. SUpp. 3d 408, 413 (D.N.J. 2014) (common knowledge doctrine did not excuse AOM requirement where claim was that prisoner plaintiff was negligently treated for fracture, rather than broken bone, and his requests to see an orthopedist were refused).

This case clearly does not fall within the common knowledge doctrine. It does not involve such obvious missteps as failure to follow instructions, misreading a chart or prescription, or hooking up the wrong tube. Rather, plaintiff's allegations involve matters of medical diagnosis, treatment, and judgment.

Indeed, plaintiff's claim partially undoes itself. Plaintiff asks that Dr. Hua be permitted "to discuss and explain to the Jury what Marfanoid syndrome is, and the features of Marfanoid Syndrome." This is not common knowledge. Nor is the relation between Marfanoid Syndrome and a dissecting aortic aneurysm known to the average lay person. Indeed, even the relation between Dr. Hua's actual finding ("Marfanoid physical features") and Marfan Syndrome, a recognized genetic disorder, remains unexplored. What the medical personnel should have known and done in relation to this condition is not a matter of common knowledge.

### C. Statutory waiver of "Same Specialty" requirement

In the alternative, the plaintiff cites a statutory provision that excuses the "same specialty" AOM requirement under limited circumstances:

> c. A court may waive the same specialty or subspecialty recognized by the American Board of Medical Specialties or the American Osteopathic Association and board certification requirements of this section, upon motion by the party seeking a waiver, if, after the moving party has demonstrated to the satisfaction of the court that a good faith effort has been made to identify an expert in the same specialty or subspecialty, the court determines that the expert possesses sufficient training, experience and knowledge to

5

> provide the testimony as a result of active involvement in, or full-time teaching of, medicine in the applicable area of practice or a related field of medicine.

N.J. Stat. Ann. § 2A:53A-41(c). In defining a "good faith effort," the New Jersey Supreme Court has put the emphasis on "effort":

> That focus reflects a legislative judgment that the moving party should make a legitimate attempt to obtain an equivalently-qualified expert and should not be relieved of that burden by desultory undertakings or half-hearted endeavors. It follows that, to prove a good faith effort, a moving party must show what steps he undertook to obtain an expert qualified according to N.J.S.A. 2A:53A–41(a) or (b). By way of example, that would include: the number of experts in the field; the number of experts the moving party contacted; whether and where he expanded his search geographically when his efforts were stymied; the persons or organizations to whom he resorted for help in obtaining an appropriate expert; and any case-specific roadblocks (such as the absence of local sub-specialty experts) he encountered.

*Ryan v. Renny*, 999 A.2d 427, 438 (N.J. 2010) (counsel approached three specialists in three areas of the state, all of whom declined). *See also Greenwald v. Kantha,* 2011 WL 2652121 (N.J. Super. Ct. App. Div. July 8, 2011) (merely following up two referrals from a single colleague not a sufficient effort).

There is no showing, or even a legitimate allegation, of such a good faith effort here. No affidavit supports counsel's bald assertion of diligence. No information as to what the efforts consisted of, whom counsel contacted, or the reasons counsel could not find a relevant specialist, is proffered.

Defendant does proffer that the decedent's body would not have been available for an expert's inspection. This is irrelevant. The issue is not Dr. Hua's conduct as a pathologist; it is the standard of care provided by the doctors and nurses. As to that, specialist experts may provide AOMs and testimony without themselves performing an autopsy.

On this ground, too, I deny the motion for reconsideration.

**D.   Compliance with prior order.**

The relevant portions of my prior Order (ECF no. 88) provided as follows:

    1. The summary judgment motion of defendant Picerno-Jones (ECF no. 72) is GRANTED and the action is dismissed as against her.

    2.   The summary judgment motion of the UMDNJ defendants (ECF no. 73) is GRANTED in part and DENIED in part, as follows:

        a. The action is dismissed as against defendant Perera insofar as he is sued for malpractice within his specialty as a board certified internist, and in the alternative insofar as he is sued for malpractice as a general practitioner, subject to ¶ 3, below.

        b. The action is dismissed as against defendants Kaye and Salem insofar as they are sued for malpractice within their specialty as board certified psychiatrists, and in the alternative insofar as they are sued for malpractice as general practitioners, subject to ¶ 3, below.

        c. The motion for summary judgment is denied as to defendant David Maxey, PhD.

        d. The motion for summary judgment is granted, and the action is dismissed as against defendants Veronica Nendze, Maria Delgado, Bernice Picerno-Jones, and Theresa Boblick.

        e. Because the claims against defendant UMDNJ are dependent, summary judgment is denied as to UMDNJ pending resolution of all claims against its employees.

    3.     Paragraphs 2(a) and 2(b) of this Order are without prejudice to Plaintiff's filing, within 30 days, a supplemental affidavit of Dr. Hua in opposition to summary judgment, stating the basis, if any, for Dr. Hua's eligibility as an affiant under N.J. Stat. Ann. § 2A:53-41(b) as to any claims against defendants Perera, Kaye, and Salem, in their capacities as non-specialist, general practitioners. Defendants may file a response within 15 days thereafter. No replies shall be filed. If no supplemental papers are filed within 30 days, or if the Court should, by further order, find them insufficient, the dismissal as to defendants Perera, Kaye, and Salem, will become with-prejudice.

Plaintiff has not taken advantage of the opportunity to submit a supplemental affidavit of Dr. Hua, but instead has filed this motion for reconsideration. Consequently, the dismissal as to Perera, Kay, and Salem has ripened into dismissal with prejudice.

My order also directed as follows:

7

4. Once the disposition of these motions has become final as provided in ¶ 3, supra, counsel shall confer and shall file a joint statement, noting any areas of disagreement, as to the claims and parties that remain.

## ORDER

For the reasons stated in the foregoing Opinion,

IT IS this 7th day of October, 2016

ORDERED that the plaintiff's motion for reconsideration (ECF no. 90) is denied. Counsel shall forthwith confer and shall, within 10 days, submit the joint statement required by my prior order (ECF no. 88, ¶ 4).

_____
**KEVIN MCNULTY**
**United States District Judge**